1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FOREST GLADE HOMEOWNERS
ASSOCIATION,

                Plaintiff,

     v.

ALLIED MUTUAL INSURANCE
COMPANY, et al.,

              Defendants.

CASE NO. C07-1762JLR

ORDER ON DEFENDANT
TRAVELERS INDEMNITY
COMPANY OF AMERICA'S
MOTION TO DISMISS OR STAY

## I.   INTRODUCTION

This matter comes before the court on Defendant Travelers Indemnity Company of America's ("Travelers") motion to dismiss or stay (Dkt. # 25).  Travelers argues that the claims against it are not ripe and must be dismissed.  In the alternative, Travelers requests a stay of litigation until July 15, 2009.  Having considered the motion and all responsive pleadings, the court GRANTS the motion (Dkt. # 25) and DISMISSES Travelers from this lawsuit without prejudice.

## II.   BACKGROUND

This is an first-party insurance case involving alleged substantial impairment of structural integrity to 11 condominium properties owned by Plaintiff Forest Glade Homeowners Association ("Forest Glade").  Forest Glade originally brought suit against two

ORDER – 1

1   insurance companies in state court in September 2007. (Dkt. # 1.)  The case was

2   subsequently removed to federal court, and Forest Glade amended the complaint several times

3   in order to add new defendants. (*See* Dkt. ## 1, 7, 20.)  As of the third amended complaint

4   filed on January 7, 2009, Forest Glade brings suits against five insurance companies,

5   including Defendants Allied Mutual Insurance Company ("Allied"), Nationwide Mutual

6   Insurance Company ("Nationwide"), Westport Insurance Corporation ("Westport"), State

7   Farm Fire and Casualty Company ("State Farm"), and Travelers. (*See* Dkt. ## 1, 7, 20.)

8   Forest Glade asserts that Defendants issued insurance policies that provide coverage for

9   property damage incurred between 1984 and 2003. (Third Amended Complaint ("3d Am.

10  Compl.") (Dkt. # 20) ¶¶ 10-14.)  Forest Glade alleges claims for breach of the duty to

11  investigate, for breach of property insurance policies, for violation of Washington's

12  Consumer Protection Act, RCW 19.86, and for declaratory relief. (*Id.* ¶¶ 22-43.)  Forest

13  Glade seeks declaratory relief that all Defendants "are obligated to pay in full all investigation

14  costs" and "are obligated to pay all costs of removal and replacement of structural framing."

15  (*Id.* ¶ 43(1) & (2).)

16          Travelers is a new defendant in this case.  Forest Glade added Travelers as a defendant

17  on January 7, 2009, pursuant to the filing of the third amended complaint. (Dkt. # 20.)

18  Whereas Forest Glade submitted insurance claims to Allied and Nationwide in July 2007 and

19  to Westport in September 2007, it did not submit an insurance claim to Travelers until

20  December 30, 2008. (*Id.* ¶¶ 15, 16, 18.)  Travelers did not receive the insurance claim until

21  January 5, 2009. (Declaration of James T. Derrig ("Derrig Decl.") (Dkt. # 25-3) ¶ 2, Ex. A.)

22  Two days later, Forest Glade amended its complaint to name Travelers as a defendant in this

23  case. (Dkt. # 20.)

24

25

ORDER – 2

1     On February 5, 2009, Travelers filed a motion to dismiss Forest Glade's claims against

2 it on the ground that the claims are not ripe for adjudication. (Mot. (Dkt. # 25) at 1.) In

3 essence, Travelers believes that Forest Glade has confused the existence of an insurance

4 claim with the existence of a justiciable controversy. (Reply (Dkt. # 34) at 1.) It contends

5 that there is no actual disagreement as to coverage at this stage of the insurance claim process

6 because Forest Glade sued Travelers at the same time that it filed its insurance claim. (*See*

7 Mot. at 7; Reply at 1-2.) Travelers asserts that any future adverse relationship between the

8 parties remains hypothetical and does not establish subject matter jurisdiction. (Reply at 1-2.)

9     In response, Forest Glade concedes that its claims for breach of the duty to investigate,

10 breach of contract, and violation of the Consumer Protection Act against Travelers are not

11 ripe but argues that its claims for declaratory relief are ripe for adjudication. (Resp. (Dkt. #

12 31) at 6, 8.) Forest Glade posits a range of arguments in support of justiciability. First,

13 Forest Glade argues that a substantial controversy exists as to the extent of liability under the

14 policy. (*Id*. at 6-7.) It asserts that the facts allegedly establishing its underlying rights under

15 the insurance policies, *i.e.*, the property damage to its condominiums, have already occurred

16 (*id*. at 7-8), that other insurers with potentially competing interests are involved in this case

17 (*id*. at 8-9), that Travelers has participated in this litigation and that its course of conduct will

18 result in imminent litigation (*id*. at 9), and that Travelers is in technical violation of WAC

19 284-30-370 (*id*. at 10-11). Second, Forest Glade characterizes its relationship with Travelers

20 as an adversarial relationship, although it does not allege that Travelers has actually taken a

21 position adverse to its own. (*Id*. at 11.) Rather, Forest Glade believes that the insured-insurer

22 relationship is *per se* adversarial because an insurer has an economic interest in minimizing

23 its liability under the insurance policy. (*Id*.) Third, Forest Glade states that adjudication is

24 necessary because it has incurred and continues to incur costs for investigation and remedial

25

ORDER – 3

1  work that it believes are covered under its various insurance policies. (*Id*. at 11-12.) Forest

2  Glade incurred costs of approximately $150,000.00 during 2008. (Petrie Decl. ¶ 12.) It

3  alleges that dismissal would require it to choose between paying contractors without knowing

4  whether its insurance policy will cover the work or waiting until Travelers finishes its

5  investigation and "still not know[ing] whether the insurers will cover inspection and removal

6  costs pursuant to their insurance contracts." (Resp. at 12.) Forest Glade also contends that

7  dismissal or a stay will negatively affect settlement between the parties. (*Id*.)

8          This motion arises against the backdrop of other activity in this case. On February 19,

9  2009, Forest Glade filed a motion to continue the trial date from July 7, 2009, to September

10  13, 2010, because the investigation and construction schedule, as well as the determination of

11  which insurance policies apply, will require substantial additional time. (Dkt. # 36.) In

12  addition to the motion to continue, other insurers have filed short responses to Traveler's

13  motion to dismiss. State Farm, which was added as a defendant pursuant to the third

14  amended complaint along with Travelers, supports dismissal of the claims against Travelers

15  (Dkt. # 30), and by separate motion argues that the court should dismiss Forest Glade's

16  claims against it on similar ripeness grounds (Dkt. # 29). Westport neither supports nor

17  opposes dismissal (Dkt. # 33), but opposes a stay of litigation and believes a continuance is

18  appropriate.

19                                  **III.    DISCUSSION**

20  **A.    Ripeness and the Declaratory Judgment Act**

21          Ripeness is a question of justiciability that prevents the courts, through the avoidance

22  of premature adjudication, from entangling themselves in abstract disagreements. *Thomas v.*

23  *Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). The burden of

24  establishing ripeness rests with the party asserting the claim. *Colwell v. Dep't of Health &*

25

ORDER – 4

*Human Servs.*, __ F.3d __, No. 05-55450, 2009 WL 692047, at *6 (9th Cir. 2009). Ripeness is determined at the time of the filing of the complaint. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980); *Sierra Club v. Dombeck*, 161 F. Supp. 2d 1052, 1062 (D. Ariz. 2001). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes courts to grant declaratory relief in cases of "actual controversy" within their jurisdiction. The threshold question to determine ripeness under the Act is whether an actual case or controversy exists within the meaning of Article III of the United States Constitution. *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The Supreme Court articulated the basic test as follows:

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991). Next, if an "actual controversy" exists, the court must decide whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. *Kearns*, 15 F.3d at 143-44.

Insurers and insureds regularly seek declaratory relief in insurance actions in order to determine the rights and obligations under insurance policies. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2760 (1998).

> It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually

ORDER – 5

becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

Wright, Miller & Kane, § 2757. The familiar example, in which declaratory relief is permitted and useful, involves disputes between insurer and insured as to the scope of third-party insurance coverage wherein the insurer has adopted a position clearly adverse to the insured. It does not follow, however, that an insured may sue its insurer for declaratory relief as to the scope of coverage at any time. *See Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414-15 (11th Cir. 1995). In *Atlanta Gas*, the Court of Appeals for the Eleventh Circuit concluded that an insured's suit against its insurer was not ripe because, at the time the insured filed its complaint, the insurer had not yet received notice of the insured's claim, which had been mailed the day before filing, had not responded to the insured, and had taken no position with regard to its duties under the insurance policy. *Id.* at 414-15.

**B.    Forest Glade's Claims for Breach of the Duty to Investigate, Breach of Property Insurance Policies, and Violation of Washington's Consumer Protection Act**

Forest Glade essentially concedes that its claims for breach of the duty to investigate, for breach of property insurance policies, and for violation of the Consumer Protection Act, to the extent they include Travelers, are not ripe. (Mot. at 8.) This is not surprising. Forest Glade's claims for breach focus primarily on other Defendants, not Travelers. (*See* 3d Am. Compl. ¶¶ 22-31.) In its response, Forest Glade states that "a breach of contract claim *may be actionable later on* depending on Travelers' conduct." (Resp. at 8 (emphasis added).) Similarly, Forest Glade's claim against Travelers for violation of the Act is conditional: "*If* State Farm and/or The Travelers Indemnity Company fail to comply with all obligations of

ORDER – 6

1   RCW Chapter 19.86 and WAC Chapter 284-30, State Farm and Travelers *will also be liable*

2   for violations and for all appropriate damages under the Consumer Protection Act including

3   treble damages and fees." (*Id.* ¶ 37 (emphasis added).)  Forest Glade may not bring suit on

4   the mere assumption, without more, that Travelers will breach its duties or violate a statute.

5   These claims are too hypothetical and must be dismissed as not ripe.

6   **C.      Forest Glade's Claims for Declaratory Relief**

7           Forest Glade's claims for declaratory relief are also not ripe.  The burden of

8   establishing justiciability rests with Forest Glade, and it has not demonstrated the existence of

9   a "substantial controversy, between parties having adverse legal interests, of sufficient

10  immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas.*

11  *Co.*, 312 U.S. at 273.  Forest Glade contends that its claims against Travelers involve a

12  substantial controversy between adverse parties, but the facts belie this argument.  Forest

13  Glade filed suit against Travelers before it actually took a position with respect to the

14  insurance claim, as well as before it could reasonably have been expected to do so.  (*See*

15  Petrie Decl. ¶ 7.)  At the time Forest Glade filed the third amended complaint naming

16  Travelers as a defendant, Travelers had been on notice of Forest Glade's claim for only two

17  days, had not taken a position with respect to coverage, had not been provided with or

18  identified all of the policies at issue, and had not performed any investigation of the claim.

19  On these facts, it is difficult to see how Forest Glade's insurance claim could possibly have

20  ripened into a substantial controversy between adverse parties.

21          The court rejects Forest Glade's argument that the insured-insurer relationship

22  necessarily constitutes an adversarial relationship.  Insurers operating in Washington have a

23  duty to act in good faith, and may not deny or contest coverage merely to minimize costs.  *See*

24  WAC 284-30-300 *et seq.*  All of the insurance cases relied upon by Forest Glade involve

25

ORDER – 7

1    factually distinguishable situations in which the insurer and insured had taken adverse

2    positions with respect to coverage prior to suit.  *See, e.g.*, *Kearns*, 15 F.3d at 143 (insurer

3    seeking declaratory judgment to establish whether it had a duty to defend or indemnify

4    insured); *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229,

5    230-31 (9th Cir. 1989) (insured and insurer contesting liability limits of insurance policy).

6    By contrast, Forest Glade does not contend that Travelers has actually taken an adverse

7    position, but only *expects* that it will do so.  Forest Glade asserts that "there is no indication

8    any of the insurers will willingly accept greater liability than they have to in order to cover

9    Plaintiff's loss."  (Resp. at 9.)  Forest Glade's concerns, even if well-founded, are insufficient

10   to establish a substantial controversy between adverse parties.  *See Atlanta Gas Light*, 68 F.3d

11   at 414-15.

12         The court is also unpersuaded by Forest Glade's argument that Travelers is "in

13   technical violation" of WAC 284-30-370.  (*See* Resp. at 11.)  Forest Glade asserts that

14   Travelers has violated WAC 284-30-370 by failing to complete its investigation of Forest

15   Glade's insurance claim within 30 days without requesting an extension of time.  Forest

16   Glade presents no authority in support of this contention, nor does it allege that the

17   investigation could or should reasonably been completed within 30 days.  A review of

18   Washington case law suggests that an insurer must affirm or deny coverage within a

19   reasonable time under WAC 284-30-370, but that delay beyond the 30-day period does not

20   give rise to a cognizable claim "unless it is due to a frivolous or unfounded reason." *Rizzuti*

21   *v. Basin Travel Serv. of Othello, Inc.*, 105 P.3d 1012, 1021 (Wash. App. 2005).  Forest Glade

22   makes no showing that Travelers has actually violated WAC 284-30-370, and it is doubtful

23   that it could do so.  Nevertheless, this issue carries little weight because, at the time Forest

24   Glade amended the complaint to add Travelers, Travelers had been on notice of the claim for

25

ORDER – 8

1   less than 30 days and could not have been in violation of WAC 284-30-370. A plaintiff may

2   not prematurely file suit and then await the ripening of its claims. Subject matter jurisdiction

3   must exist at the time a claim is filed. *See Int'l Harvester Co.*, 623 F.2d at 1210; *Dombeck*,

4   161 F. Supp. 2d at 1062.

5          The court also rejects Forest Glade's argument that its declaratory judgment claims are

6   of sufficient immediacy and reality to demonstrate ripeness. By separate motion, Forest

7   Glade seeks to continue the trial date by over a year. (Dkt. # 28.) This is not a case that will

8   be resolved imminently, and Forest Glade's pleadings are inconsistent on this point. The fact

9   that Forest Glade incurred costs in 2008–prior to submitting an insurance claim to

10  Travelers–does not demonstrate ripeness. Although Forest Glade believes that it will not

11  know whether Travelers will cover inspection and removal costs even after it completes its

12  investigation (Resp. at 12), this argument appears to assume that Travelers will deny

13  coverage. Further, Travelers's limited participation does not demonstrate ripeness, nor does

14  the settlement of claims constitute sufficient grounds for ripeness. Finally, the court is

15  mindful that Travelers is not the only insurer involved in this case. This consideration weighs

16  in favor of including all of Forest Glade's claims in a single suit, but it does not mean that the

17  claims against Travelers are ripe for purposes of Article III.

18         In sum, the court concludes that Forest Glade's claims against Travelers are not ripe.

19  The court therefore dismisses Travelers from the lawsuit for lack of subject matter

20  jurisdiction.[1] *See S. Pac. Transp.*, 922 F.2d at 502. This dismissal is without prejudice.

21  ─────────────────────

22         [1] Forest Glade and Travelers raise potential concerns about the statute of limitations in the
    insurance policies at issue. (*See* Mot. at 2, 5; Resp. at 10 n.2.) Travelers states that it "has offered to

23  enter into a Tolling Agreement that leaves the plaintiff in the same position it was in on January 7,
    2009, when it served suit." (Mot. at 5.) This appears to be the primary reason Forest Glade filed suit

24  against Travelers so shortly after filing its insurance claim. (*See* Resp. at 10 n.2.) The parties have not
    fully briefed this issue to the court. To the extent Forest Glade and Travelers enter into a tolling

25  agreement, this issue will not affect the court's analysis. Therefore, the court conditions this order and
    dismissal on Travelers and Forest Glade entering into an appropriate tolling agreement.

ORDER – 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## IV.    CONCLUSION

For the reasons stated above, the court GRANTS the motion to dismiss (Dkt. # 25).

Dated this 26th day of March, 2009.

_____
JAMES L. ROBART
United States District Judge

ORDER – 10