UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FOREST GLADE HOMEOWNERS
ASSOCIATION,

           Plaintiff,

   v.

ALLIED MUTUAL INSURANCE
COMPANY, et al.,

           Defendants.

CASE NO. C07-1762JLR

ORDER

## I.    INTRODUCTION

This matter comes before the court on Defendant State Farm Fire and Casualty Company's ("State Farm") motion for summary judgment (Dkt. # 29). State Farm argues that the claims against it are not ripe and must be dismissed. In the alternative, State Farm argues that there are no genuine issues of material fact and that it is entitled to prevail as a matter of law. Having considered the motion and all responsive pleadings, the court DISMISSES State Farm from this lawsuit without prejudice.

## II.    BACKGROUND

This is an first-party insurance case involving alleged substantial impairment of structural integrity to 11 condominium properties owned by Plaintiff Forest Glade Homeowners Association ("Forest Glade"). Forest Glade originally brought suit against two

ORDER – 1

insurance companies in state court in September 2007. (Dkt. # 1.) The case was subsequently removed to federal court, and Forest Glade amended the complaint several times in order to add new defendants. (*See* Dkt. ## 1, 7, 20.) As of the third amended complaint filed on January 7, 2009, Forest Glade brings suit against five insurance companies, including Defendants Allied Mutual Insurance Company ("Allied"), Nationwide Mutual Insurance Company ("Nationwide"), Westport Insurance Corporation ("Westport"), State Farm, and the Travelers Indemnity Company of America ("Travelers"). (*See* Dkt. ## 1, 7, 20.) Forest Glade asserts that Defendants issued insurance policies that provide coverage for property damage incurred between 1984 and 2003. (Third Amended Complaint ("3d Am. Compl.")) (Dkt. # 20) ¶¶ 10-14.) Forest Glade alleges claims for breach of the duty to investigate, for breach of property insurance policies, for violation of Washington's Consumer Protection Act, RCW 19.86, and for declaratory relief. (*Id*. ¶¶ 22-43.) Forest Glade seeks declaratory relief that all Defendants "are obligated to pay in full all investigation costs" and "are obligated to pay all costs of removal and replacement of structural framing." (*Id*. ¶ 43(1) & (2).)

State Farm is a new defendant in this case. Forest Glade added State Farm as a defendant on January 7, 2009, pursuant to the filing of the third amended complaint. (Dkt. # 20.) Whereas Forest Glade submitted insurance claims to Allied and Nationwide in July 2007 and to Westport in September 2007, it did not submit an insurance claim to State Farm until December 30, 2008. (3d Amend. Compl. ¶¶ 15-16, 18; Declaration of John T. Petrie ("Petrie Decl.") (Dkt. # 32) ¶ 1; Declaration of Mark Somers ("Somers Decl.") (Dkt. # 29-2) ¶ 3. ) State Farm did not receive the insurance claim until on or about January 10, 2009. (Somers Decl. ¶ 3.) Forest Glade amended its complaint to name State Farm as a defendant in this case on January 7, 2009, three days before State Farm received notice of the insurance claim.

ORDER – 2

On February 23, 2009, State Farm filed the instant motion, requesting the dismissal of Forest Glade's claims against it on the grounds that the claims are not ripe for adjudication and that there are no genuine issues of material fact and State Farm is entitled to prevail as a matter of law. (Mot. (Dkt. # 29) at 2.) State Farm's motion relies heavily on the arguments made by Travelers in its motion to dismiss.[1] (*See* Mot. at 2, 4.) It contends that there is no actual disagreement as to coverage at this stage of the insurance claim process because Forest Glade sued State Farm before State Farm received notice of the insurance claim. (*See* Mot. at 4-6.) State Farm asserts that any future adverse relationship between the parties remains hypothetical and does not establish subject matter jurisdiction. (*Id*.)

In response, Forest Glade concedes that its claims for breach of the duty to investigate, breach of contract, and violation of the Consumer Protection Act against State Farm are not ripe but argues that its claims for declaratory relief are ripe for adjudication. (Resp. (Dkt. # 36) at 3-9; Resp. to Travelers (Dkt. # 31) at 8.) Forest Glade posits a range of arguments in support of justiciability. First, Forest Glade argues that a substantial controversy exists as to the extent of liability under the policy. (Resp. at 4.) It asserts that the facts allegedly establishing its underlying rights under the insurance policies, *i.e.*, the property damage to its condominiums, have already occurred (*id*. at 5-6), that other insurers with potentially competing interests are involved in this case (*id*. at 6), that State Farm has participated in this case and that its course of conduct will result in imminent litigation (*id*. at 6), and that State Farm is in violation of WAC 284-30-370 and WAC 284-30-350(1) (*id*. at 7). Second, Forest

---

[1] Both Forest Glade and State Farm incorporate by reference arguments and analyses made regarding Travelers's motion to dismiss. (*See* Mot. at 2, 4; Resp. at 3; Reply at 2.) The court notes that this approach is unhelpful and serves to confuse, rather than clarify, the issues in this matter. This approach also raises potential concerns with respect to page limits under Local Rules W.D. Wash. CR 7(e). Although the court has considered all of the materials incorporated by reference in deciding this motion, the court advises Forest Glade and State Farm that use of this approach in the future is strongly discouraged.

ORDER – 3

Glade characterizes its relationship with State Farm as an adversarial relationship, although it does not allege that State Farm has actually taken a position adverse to its own. (*Id*. at 7.) Rather, Forest Glade believes that the insured-insurer relationship is *per se* adversarial because an insurer has an economic interest in minimizing its liability under the insurance policy. (*Id*.) Third, Forest Glade states that adjudication is necessary because it has incurred and continues to incur costs for investigation and remedial work that it believes are covered under its various insurance policies. (*Id*. at 8.) It alleges that dismissal would require it to choose between paying contractors without knowing whether its insurance policy will cover the work or waiting until State Farm finishes its investigation and "still not know[ing] whether the insurers will cover inspection and removal costs pursuant to their insurance contracts." (Resp. to Travelers at 12.) Forest Glade also contends that dismissal or a stay will negatively affect settlement between the parties. (*Id*.)

### III. DISCUSSION

### A. Ripeness and the Declaratory Judgment Act

Ripeness is a question of justiciability that prevents the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). The burden of establishing ripeness rests with the party asserting the claim. *Colwell v. Dep't of Health & Human Servs.*, __ F.3d __, No. 05-55450, 2009 WL 692047, at *6 (9th Cir. 2009). Ripeness is determined at the time of the filing of the complaint. *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980); *Sierra Club v. Dombeck*, 161 F. Supp. 2d 1052, 1062 (D. Ariz. 2001). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).

ORDER – 4

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes courts to grant declaratory relief in cases of "actual controversy" within their jurisdiction. The threshold question to determine ripeness under the Act is whether an actual case or controversy exists within the meaning of Article III of the United States Constitution. *See Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The Supreme Court articulated the basic test as follows:

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991). Next, if an "actual controversy" exists, the court must decide whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. *Kearns*, 15 F.3d at 143-44.

Insurers and insureds regularly seek declaratory relief in insurance actions in order to determine the rights and obligations under insurance policies. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2760 (1998).

> It is clear that in some instances a declaratory judgment is proper even though there are future contingencies that will determine whether a controversy ever actually becomes real. The familiar type of suit in which a liability insurer seeks a declaration that it will not be liable to indemnify an insured person for any damages the injured person may recover against the insured is an example. The injured person may not sue or the injured person may not obtain a judgment against the insured, but there is held to be sufficient controversy between the insurer and the injured person that a declaratory judgment is permissible.

Wright, Miller & Kane, § 2757. The familiar example, in which declaratory relief is permitted and useful, involves disputes between insurer and insured as to the scope of third-party insurance coverage wherein the insurer has adopted a position clearly adverse to the

ORDER – 5

insured. It does not follow, however, that an insured may sue its insurer for declaratory relief as to the scope of coverage at any time. *See Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414-15 (11th Cir. 1995). In *Atlanta Gas*, the Court of Appeals for the Eleventh Circuit concluded that an insured's suit against its insurer was not ripe because, at the time the insured filed its complaint, the insurer had not yet received notice of the insured's claim, which had been mailed the day before filing, had not responded to the insured, and had taken no position with regard to its duties under the insurance policy. *Id.* at 414-15.

**B.     Forest Glade's Claims for Breach of the Duty to Investigate, Breach of Property Insurance Policies, and Violation of Washington's Consumer Protection Act**

Forest Glade essentially concedes that its claims for breach of the duty to investigate, for breach of property insurance policies, and for violation of the Consumer Protection Act, to the extent they include State Farm, are not ripe.[2] (Resp. to Travelers at 8.) This is not surprising. Forest Glade's claims for breach focus primarily on other Defendants, not State Farm. (*See* 3d Am. Compl. ¶¶ 22-31.) Forest Glade makes no argument that these claims are ripe. Similarly, Forest Glade's claim against State Farm for violation of the Act is conditional: "*If* State Farm and/or The Travelers Indemnity Company fail to comply with all obligations of RCW Chapter 19.86 and WAC Chapter 284-30, State Farm and Travelers *will also be liable* for violations and for all appropriate damages under the Consumer Protection Act including treble damages and fees." (*Id.* ¶ 37 (emphasis added).) Forest Glade may not

---

[2] Forest Glade states that it "incorporates all legal arguments made" in its response to Travelers's motion to dismiss. (Mot. at 3.) This appears to include Forest Glade's concession that its non-declaratory relief claims are not ripe as against Travelers, and extend the concession to State Farm. (*See* Resp. to Travelers at 8.) To the extent it does not, however, Forest Glade presents no argument in its response that these claims are ripe. It focuses exclusively on its declaratory judgment claims.

ORDER – 6

bring suit on the mere assumption, without more, that State Farm will breach its duties or violate a statute. These claims are too hypothetical and must be dismissed as not ripe.

**C.     Forest Glade's Claims for Declaratory Relief**

Forest Glade's claims for declaratory relief are also not ripe. The burden of establishing justiciability rests with Forest Glade, and it has not demonstrated the existence of a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co.*, 312 U.S. at 273. Forest Glade contends that its claims against State Farm involve a substantial controversy between adverse parties, but the facts belie this argument. Forest Glade filed suit against State Farm before State Farm received Forest Glade's insurance claim. (*See* Petrie Decl. ¶¶ 6-7.) At the time Forest Glade filed the third amended complaint naming State Farm as a defendant, State Farm had not received notice of Forest Glade's insurance claim, had not taken a position with respect to coverage, and had not performed any investigation of the claim. On these facts, it is difficult to see how Forest Glade's insurance claim could possibly have ripened into a substantial controversy between adverse parties.

Forest Glade makes much of the fact that it requested copies of insurance policies from State Farm by letter dated January 31, 2008. (Resp. at 4.) It argues that "State Farm is properly before the Court because it had notice of a potential claim and an opportunity to communicate with Plaintiff and investigate Plaintiff's claim." (*Id.* at 5.) State Farm presents no authority in support of its contention that its letter constitutes a de facto insurance claim. The letter requests that State Farm provide Forest Glade with a list of policies in connection with its investigation of alleged property damage. (Petrie Decl., Ex. 1.) Assuming that State Farm received the letter, the fact that it failed to respond does not mean that Forest Glade's claims for declaratory relief with respect to the scope of State Farm's obligations under the

ORDER – 7

insurance policies are ripe. The letter is not an insurance claim, and it only alludes to the *possibility* that Forest Glade will choose to file a claim. This is insufficient to establish ripeness.

The court rejects Forest Glade's argument that the insured-insurer relationship necessarily constitutes an adversarial relationship. Insurers operating in Washington have a duty to act in good faith, and may not deny or contest coverage merely to minimize costs. *See* WAC 284-30-300 *et seq*. All of the insurance cases relied upon by Forest Glade involve factually distinguishable situations in which the insurer and insured had taken adverse positions with respect to coverage prior to suit. *See, e.g.*, *Kearns*, 15 F.3d at 143 (insurer seeking declaratory judgment to establish whether it had a duty to defend or indemnify insured); *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229, 230-31 (9th Cir. 1989) (insured and insurer contesting liability limits of insurance policy). By contrast, Forest Glade does not contend that State Farm has actually taken an adverse position, but only *expects* that it will do so. Forest Glade asserts that "there is no indication any of the insurers will willingly accept greater liability than they have to in order to cover Plaintiff's loss." (Resp. to Travelers at 9.) Forest Glade's concerns, even if well-founded, are insufficient to establish a substantial controversy between adverse parties. *See Atlanta Gas Light*, 68 F.3d at 414-15.

The court is also unpersuaded by Forest Glade's argument that State Farm is in violation of WAC 284-30-370 and WAC 284-30-350(1). (*See* Resp. at 7.) Forest Glade asserts that State Farm has violated WAC 284-30-370 by failing to complete its investigation of Forest Glade's insurance claim within 30 days without requesting an extension of time. Forest Glade presents no authority in support of this contention, nor does it allege that the investigation could or should reasonably have been completed within 30 days. A review of

ORDER – 8

Washington case law suggests that an insurer must affirm or deny coverage within a reasonable time under WAC 284-30-370, but that delay beyond the 30-day period does not give rise to a cognizable claim "unless it is due to a frivolous or unfounded reason." *Rizzuti v. Basin Travel Serv. of Othello, Inc.*, 105 P.3d 1012, 1021 (Wash. App. 2005). Forest Glade makes no showing that State Farm has actually violated WAC 284-30-370, and it is doubtful that it could do so. Nevertheless, this issue carries little weight because, at the time Forest Glade amended the complaint to add State Farm, State Farm had not yet received the claim and could not have been in violation of WAC 284-30-370. A plaintiff may not prematurely file suit and then await the ripening of its claims. Subject matter jurisdiction must exist at the time a claim is filed. *See Int'l Harvester Co.*, 623 F.2d at 1210; *Dombeck*, 161 F. Supp. 2d at 1062. Likewise, as discussed above, even assuming State Farm were in violation of WAC 284-30-350(1), this does not make Forest Glade's declaratory judgment claims ripe.

The court also rejects Forest Glade's argument that its declaratory judgment claims are of sufficient immediacy and reality to demonstrate ripeness. This court granted Forest Glade's motion to continue the trial date in this matter. (Dkt. # 39.) This is not a case that will be resolved imminently. The fact that Forest Glade incurred costs in 2008–prior to submitting an insurance claim to State Farm–does not demonstrate ripeness. Further, State Farm's limited participation does not demonstrate ripeness, nor does settlement constitute sufficient grounds for ripeness. Finally, the court is mindful that State Farm is not the only insurer involved in this case. This consideration weighs in favor of including all of Forest Glade's claims in a single suit, but it does not mean that the claims against State Farm are ripe for purposes of Article III.

In sum, the court concludes that Forest Glade's claims against State Farm are not ripe. The court therefore dismisses State Farm from the lawsuit for lack of subject matter

ORDER – 9

jurisdiction.[3] *See S. Pac. Transp.*, 922 F.2d at 502. This dismissal is without prejudice. In light of the court's ruling on ripeness, the court need not and does not consider State Farm's other arguments.

## IV.  CONCLUSION

For the reasons stated above, the court DISMISSES State Farm from this lawsuit without prejudice.

Dated this 31st day of March, 2009.

JAMES L. ROBART
United States District Judge

---

[3] Forest Glade and State Farm raise potential concerns about the statute of limitations in the insurance policies at issue. (*See* Resp. at 8-9; Reply at 8.) The parties have not fully briefed this issue to the court. To the extent Forest Glade and State Farm enter into a tolling agreement, this issue will not affect the court's analysis. Therefore, the court conditions this order and dismissal on Forest Glade and State Farm entering into an appropriate tolling agreement.

ORDER – 10